UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO NIEVES, JR.,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>      Defendants. | 24-CV-6267 (LTS)<br><br>ORDER DENYING REQUEST FOR AN EXTENSION OF TIME |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this employment discrimination action against the New York City Department of Education. The Court received his complaint and request to proceed *in forma pauperis* ("IFP") on August 9, 2024. The Court granted his IFP application on August 20, 2024.

  The Court has learned that on August 5, 2024, Plaintiff emailed an affidavit to the court's accommodations department, requesting an extension of time to file his complaint. He also requested that the affidavit be filed under seal. Plaintiff emailed the department again on August 22, 2024, asking for an update on his request. The Clerk's Office docketed the request in this case, temporarily restricting electronic access to the document to the parties of this action.

  Plaintiff's request for an extension of time to file his complaint is denied as moot because Plaintiff has already filed his complaint in this action. To the extent Plaintiff seeks an extension of time to file his complaint because he seeks to avoid filing an untimely civil action, following his receipt of his Right to Sue Letter from the Equal Employment Opportunity Commission, Plaintiff may raise such an argument at a later stage of litigation, should Defendant argue that this action is untimely. At that stage, Plaintiff may reference his initial contact with the

accommodations department. The Court offers no opinion as to the timeliness of this action or the merits of any affirmative defense that may be raised by Defendant.

Finally, the Court directs the Clerk's Office to remove the restriction placed on Plaintiff's request for an extension of time because the information contained in the request is substantially similar to the information contained in his complaint, which is available to the public.

## CONCLUSION

Plaintiff's request for an extension of time to file his complaint is denied as moot. Plaintiff filed his complaint on August 9, 2024. The Court directs the Clerk of Court to remove the restriction placed on Plaintiff's request for an extension of time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 28, 2024
  New York, New York

  /s/ Laura Taylor Swain
  LAURA TAYLOR SWAIN
  Chief United States District Judge