UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
FERNANDO NIEVES, JR., :
:
                         Plaintiff, :      24-CV-6267 (JMF)
:
            -v- :      <u>ORDER OF SERVICE</u>
:
NEW YORK CITY DEPARTMENT OF EDUCATION et :
al., :
:
                      Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff brings this action, *pro se*, under the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, and Title VII of the Civil Rights Act of 1964. Plaintiff also alleges discrimination claims under the New York State and City Human Rights Laws. By order dated August 20, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

        As set forth in this order, the Court (1) directs service on Defendants the New York City Department of Education ("DOE"), Principal Joyell Simmons, and the United Federation of Teachers ("UFT"); and (2) directs the New York City Law Department to provide service addresses for Defendants Joseph Zaza, Dr. Anne Garner, Rosemary Driori, and Jeffrey Chetirko.

## DISCUSSION

A.  **Order of Service on the DOE, Simmons, and the UFT**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the DOE, Principal Simmons, and the UFT, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1]   Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

B.     **Service Addresses for Zaza, Garner, Driori, and Chetirko**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOE to identify service addresses for Defendants Zaza, Garner, Driori, and Chetirko. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOE, must ascertain service addresses for these Defendants.[2] The Law Department must provide this information to the Court and Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, the Court will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for these Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants New York City Department of Education, Joyell Simmons, and the United Federation of Teachers; complete the USM-285 form with the addresses for these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

---

[2]     If one of these Defendants is not a current DOE employee, the Law Department must provide a residential address where the individual may be served.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: September 3, 2024
       New York, New York

                                                JESSE M. FURMAN
                                            United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York City Department of Education
   Office of the General Counsel
   52 Chambers Street
   New York, NY 10007

2. Principal Joyell Simmons
   Murry Bergtraum High School for Business Careers
   411 Pearl Street
   New York, NY 10038

3. United Federation of Teachers
   52 Broadway
   New York, NY 10004