```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
FERNANDO NIEVES, JR.,                                   :
                                                        :
                        Plaintiff,                      :   24-CV-06267 (JAV)
                                                        :
            -v-                                         :   ORDER
                                                        :
NEW YORK CITY DEPARTMENT OF EDUCATION                   :
ET AL,                                                  :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

By letter dated December 19, 2024 ("the December 19 letter"), Plaintiff submitted a letter framed as a request for accommodations under the Americans with Disability Act, 41 U.S.C. 12101 et seq. ("the ADA"). (ECF No. 21). It is well established, however, that the ADA does not apply to the federal courts, and that litigants cannot seek reasonable accommodations within the meaning of the ADA. *See, e.g.*, *Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303*, No. 13-CV-3106, 2020 WL 13988118, at *1 (N.D. Ill. Jan. 17, 2020). Should Plaintiff require additional time to meet deadlines due to medical issues, he may of course submit requests for extension of time in accordance with this Court's rules and the Federal Rules of Civil Procedure.

On December 13, 2024, this Court directed Plaintiff to inform the Court of his intent to file an amended Complaint. (ECF No. 21). In the December 19 letter, Plaintiff indicated that he does intend to file an amended Complaint. As the Defendants have yet to file an answer, Plaintiff may still amend his complaint as of right. Plaintiff shall file the amended complaint by **February 28, 2025**. The Defendants' time to respond to the amended complaint is extended until **March 28, 2025**.

In the December 19 letter, Plaintiff also requested the appointment of *pro bono* counsel.

(ECF No. 22). In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for counsel Plaintiff must demonstrate that the claim had "substance" or "some chance of success." *See Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003) (quotation marks and citation omitted). In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. *Cooper*, 877 F.2d at 172.

A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant his request for counsel. Accordingly, it is hereby ORDERED that the December 19, 2024 application for of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

Additionally, the Court denies Plaintiff's request for a stay of this litigation pending the Article 78 proceeding in New York Supreme Court. Plaintiff should pursue discovery in this litigation in the ordinary course, including any of the documents pertaining to the Article 78 proceeding.

The Clerk of the Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: December 27, 2024  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge

2